UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Monrovia Nursery Company, )<br><br>Plaintiff, )<br>v. )<br><br>Prince Corporation, )<br><br>Defendant. ) | Case No.: 3:26-cv-242 |

## COMPLAINT

Plaintiff Monrovia Nursery Company ("Monrovia"), for its complaint against defendant, Prince Corporation ("Prince"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

### NATURE OF THE ACTION

1.    This is a collection action by Monrovia for the price of goods it sold to Prince. Prince failed to pay for the goods and Monrovia is entitled to judgment for breach of contract or, alternatively, for account stated or restitution.

### THE PARTIES

2.    Monrovia is a California corporation with its principal place of business in California.

3.    Prince is a Wisconsin corporation with its principal place of business is in Wisconsin.

### JURISDICTION AND VENUE

4.    The Court has jurisdiction of this action under 28 U.S.C. §§ 1332(a)(1)because

1

the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

5.      Jurisdiction over Prince is proper because its principal place of business is in Wisconsin and it is a Wisconsin corporation.

6.      Venue is proper under 28 U.S.C. § 1391(b) because Prince resides in this District and a substantial part of the events giving rise to the action occurred in this District.

## FACTUAL ALLEGATIONS

7.      Monrovia is a nursery company that sells plant and garden materials.

8.      Prince is a manufacturing and distribution plant for pet food and supplies, and agricultural lawn and garden products.

9.      Monrovia and Prince had an agreement (the "Agreement") pursuant to which small and medium sized retail buyers (the "Retailers") could place orders through Prince for Monrovia's plant and garden materials (the "Goods").

10.     Under this Agreement, Prince accepted payment from the Retailers for the Goods they wanted from Monrovia, Prince placed the orders with Monrovia, and Prince was responsible for turning over the Retailers' payments to Monrovia.

11.     Between April and October 2025, Monrovia delivered Goods with a purchase price of $813,457.97 to the locations requested by Prince.

12.     Between April and October 2025, Monrovia issued invoices to Prince for the price of the Goods (the "Invoices").

13.     An authentic copy of the Invoices is attached as Exhibit 1.

14.     Prince ordered the Goods identified in the Invoices.

15.     The Retailers paid Prince for the price of the Invoices and Prince was obligated to

2

forward their payments to Monrovia for delivering the Goods.

16.     Prince did not pay the price of the Invoices to Monrovia.

17.     Prince received the Invoices at or around the time of the invoice dates.

18.     There were no defects or nonconformities in the Goods identified in the Invoices.

19.     Prince did not notify Monrovia of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

20.     Prince did not object to any of the terms of the Invoices before this case was filed.

21.     Prince never notified Monrovia that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

22.     Prince never denied liability for the amount of the Invoices before this case was filed.

23.     Prince never gave Monrovia notice of any problems with, or objections to, its performance of any of its obligations with respect to the Goods identified in the Invoices before this case was filed.

24.     Pursuant to the Invoices, payment of $813,457.97 for the Goods was due between April and October 2025.

25.     Prince received payment for the Invoices from the Retailers but has not forwarded the payment to Monrovia for the price of the Goods.

26.     An authentic copy of Monrovia's statement of account (the "Statement of Account") identifying the unpaid balance of the Invoices is attached as Exhibit 2.

27.     Prince has not paid any of the amounts indicated as being outstanding on the Statement of Account.

28.     Prince is liable to Monrovia in an amount to be determined at trial but in no event

less than $813,457.97, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## COUNT 1

### (Breach of Contract)

29.     Monrovia repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

30.     Between March and October 2025, Monrovia delivered the Goods at the location(s) Prince requested.

31.     Prince breached its contractual obligations to Monrovia under the Agreement by taking delivery of the Goods identified in the Invoices but failing to pay the price of the Invoices.

32.     Monrovia has performed all its contractual obligations to Prince.

33.     As a direct and proximate result of Prince's breach of the Agreement, Monrovia has been damaged, and is entitled to recover from Prince damages in an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## COUNT 2

### (Account Stated)

34.     Monrovia repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

35.     Contemporaneously with the delivery of the Goods, Monrovia issued the Invoices to Prince, setting forth the balance owed for the Goods.

36.     Prince retained the Invoices without objection.

37.     Prince expressly and/or impliedly acknowledged the correctness of the balance owed to Monrovia for the Goods.

38.    Monrovia has stated an account against Prince for an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## COUNT 3

### (Statutory Civil Theft)

39.    Monrovia repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

40.    Monrovia fulfilled its obligations to Prince by delivering the Goods to the requested location(s).

41.    The Retailers paid Prince for the price of the Goods, and those funds were intended to be transferred to Monrovia as payment for the Goods.

42.    The money received by Prince from the Retailers for the Goods rightfully belongs to Monrovia.

43.    Prince knowingly obtained and withheld this money from Monrovia, despite the fact that Monrovia is the rightful owner of the money.

44.    Prince has intentionally deprived Monrovia of the money it is due and intends to permanently deprive Monrovia of the money it rightfully should have received.

45.    As a direct and proximate result of Prince's civil theft, Monrovia has been damaged, and is entitled to recover from Prince damages in an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## COUNT 4

### (Unjust Enrichment)

46.     Monrovia repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

47.     Monrovia provided the Goods identified in the Invoices with the understanding that it would be compensated for the price of the Goods by Prince.

48.     The Retailers paid Prince for the value of the Goods, which Prince was supposed to forward to Monrovia.

49.     Prince has failed to pay Monrovia for the Goods identified in the Invoices.

50.     Prince will be unjustly enriched if it is permitted to retain the money paid by the Retailers for the price of Monrovia's Goods, which should have been forwarded to Monrovia.

51.     Monrovia is entitled to recover from Prince damages in an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## COUNT 5

### (Conversion)

52.     Monrovia repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

53.     Monrovia was entitled to receive the money paid by the Retailers to Prince for the price of the Goods delivered by Monrovia.

54.     Rather than pay Monrovia the money it had received from the Retailers, Prince retained the money for itself and has intentionally interfered with Monrovia's receipt of the money.

55.     Prince has wrongfully assumed control over Monrovia's money by retaining Monrovia's money without Monrovia's consent.

56.     Prince acted in reckless or intentional disregard of Monrovia's rights resulting in serious interference with Monrovia's right to the Retailers' money.

57.     As a direct and proximate result of Prince's conversion, Monrovia has been damaged, and is entitled to recover from Prince damages in an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04.

## PRAYER FOR RELIEF

WHEREFORE, Monrovia prays for a judgment against Prince as follows:

A.     For damages in an amount to be determined at trial but in no event less than $813,457.97 in principal, plus prejudgment interest at 5% per annum under Wis. Stat. § 138.04; and

B.     For such other and further relief as the Court deems just and equitable.

Dated: March 23, 2026                    Respectfully submitted,

                                         /s/ David M. Mannion
                                         David M. Mannion* (NY Bar No. 4472486)
                                         DMannion@BlakeleyLC.com
                                         Blakeley LC
                                         530 Technology Drive, Suite 100
                                         Irvine, California 92618
                                         Tel.: (949) 260-0611

                                         Attorneys for Plaintiff
                                         *Pro Hac Vice motion pending.

7